IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MALIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-138-JPG-DGW |
| ) | |
| REYNAL CALDWELL, WARDEN LUTH,) | |
| and WARDEN MOSS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel filed by Plaintiff on March 10, 2015 (Doc. 17) and the Motion for Service of Process filed by Plaintiff on March 10, 2015 (Doc. 18). The Motion for Recruitment of Counsel is **DENIED WITHOUT PREJUDICE** and the Motion for Service of Process is **DENIED AS MOOT**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently

present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff states that he wrote to attorneys but that he did not receive a response. The Court finds that this is not sufficient demonstration that Plaintiff has made a reasonable attempt to secure counsel without Court assistance. Plaintiff may refile this motion provided that he include the names of at least three (3) attorneys that he contacted seeking representation in this case. Plaintiff should attach to the Motion a copy of the letter that he sent to these attorneys and any responses that he received.

Plaintiff is informed that because he is proceeding *in forma pauperis*, service will be effected at the government's expense. Waivers of service have been sent to Defendants on March 5, 2015 (Docs. 14-16).

**IT IS SO ORDERED.**

**DATED: March 13, 2015**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**